Harding et al. v. Clark.

RACHEL M. D. HARDING and THOMAS BOSWELL, Plaintiffs in Error, v. MARY CLARK, Defendant in Error.

ERROR TO MASSAC.

On an issue raised as to the truth of an affidavit, upon which an attachment was issued, the declarations of the defendant made after the service of the attachment, will not be allowed to contradict statements made before or at the time of the service of the writ.

J. JACK, for plaintiffs in error.

T. G. C. DAVIS, for defendant in error.

SCATES, J.   The affidavit for the attachment stated that defendant was indebted in the sum of seventy-two dollars for rent, and that there is reason to believe that defendant is about to remove and depart from this State, with the intention to have her effects removed from this State, and is about disposing of her property for that purpose. Issue was taken upon the affidavit.

The proofs showed, that defendant had inquired the road and crossing of the Mississippi that would be best in going to Missouri, and declared her intention to move there, some week or two before the suit was brought; she inquired if there was a land-office there; she also said she had an intention of moving to Johnson county, Illinois, and buying an improvement, but had given that up; that she was able to buy the place on which she lived, but would not, as she was dissatisfied with the

country, and was going to Missouri; and was ready to go as soon as the roads got a little better, and she had settled up her affairs. It further appeared that she had sold her stock of hogs and some chickens.

These declarations of intention of going to Missouri were repeated to the constable when he served the attachment.

The defendant called witnesses who had heard her repeat similar declarations of her intentions to leave the country and to enter Harding's improvement in the State, both before and after the service of the attachment; sometimes talking of going to Pulaski, and sometimes to Thebes, in Alexander county. She had a contract for hauling a quantity of wood with her oxen and wagon, which was not completed, and in which they were employed at the time of the levy, and that she had not made any preparation for going.

Upon the facts the court found the issue for the defendant, which is assigned for error.

We are of opinion that the proofs clearly sustained the issue for the plaintiffs.

Most of the declarations deposed to by the witnesses of the defendant, were made after the service of the writ, or are without date as to the time when made. We cannot allow any weight to those declarations, in contradiction of what she had said before and at the service of the writ, otherwise it would be easy to remove the grounds of the attachment. Disregarding that portion of her proofs, and her intention to remove is clear and manifest, and we think the issue should have been found for the plaintiffs.

*Judgment reversed.*